UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of | 101 West Lombard Street |
| **GEORGE L. RUSSELL, III** | Baltimore, Maryland 21201 |
| United States District Judge | 410-962-4055 |

April 5, 2016

MEMORANDUM TO COUNSEL RE:     Robin Price, et al. v. The Automobile Insurance
Company of Hartford Connecticut a/k/a Travelers[1]
Civil Action No. GLR-15-3395

Dear Counsel:

Pending before the Court is Defendant's, The Automobile Insurance Company of Hartford Connecticut a/k/a Travelers ("Travelers"), Motion to Dismiss Count II. (ECF No. 11). The Motion is ripe for disposition. The Court, having reviewed the Motion and the Opposition thereto (ECF No. 17), finds no hearing necessary pursuant to Local Rule 105.6 (D.Md. 2014). For the reasons outlined below, the Court will deny the Motion.

On February 8, 2013, Plaintiffs Robin Price and Dionte Wilkens purchased property located at 2020 West North Avenue, Baltimore, Maryland. Plaintiffs obtained an insurance policy from Travelers. Plaintiffs renovated the subject property and informed Travelers that it would be used as a boarding house with multiple units. Due to the proposed use of the property, Travelers informed Plaintiffs in June 2013 that their insurance policy would be canceled as of August 10, 2013. On or about August 7, 2013, a fire occurred and caused damage to the subject property. Plaintiffs notified Travelers of the fire. On October 21, 2013, Travelers sent Plaintiffs a letter informing them that the policy cancellation was effective as of February 13, 2013.

On August 4, 2015, Plaintiffs filed suit alleging breach of contract (Count I) and negligent misrepresentation (Count II) in the Circuit Court for Baltimore City, Maryland. (ECF Nos. 1, 2). On November 5, 2015, Travelers removed the action to this Court based on diversity jurisdiction under 28 U.S.C. § 1332(a) (2012). (ECF No. 1). On November 12, 2015, Travelers filed a Motion to Dismiss Count II. (ECF No. 11). Plaintiffs filed a Response to the Motion on December 11, 2015 (ECF No. 17), and Travelers filed a Reply on December 29, 2015 (ECF No. 18).

A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not state "a plausible claim for relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 679 (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the

---

[1] The Court will direct the Clerk to amend the case caption to reflect Defendant as "The Automobile Insurance Company of Hartford Connecticut a/k/a Travelers."

complaint must allege sufficient facts to establish each element.  Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahon, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd, 546 F.App'x 165 (4th Cir. 2013).  In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true.  See Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 (4th Cir. 1999) (citing Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)).

Travelers argues Plaintiffs have failed to state a claim for negligent misrepresentation because they have not alleged a duty of care.  To plead a claim for negligent misrepresentation, a plaintiff must allege that:

> (1) the defendant, owing a duty of care to the plaintiff, negligently asserts a false statement; (2) the defendant intends that his statement will be acted upon by the plaintiff; (3) the defendant has knowledge that the plaintiff will probably rely on the statement, which, if erroneous, will cause loss or injury; (4) the plaintiff, justifiably, takes action in reliance on the statement; and (5) the plaintiff suffers damage proximately caused by the defendant's negligence.

Carroll Co. v. Sherwin-Williams Co., 848 F.Supp.2d 557, 568 (D.Md. 2012) (quoting Martens Chevrolet, Inc. v. Seney, 439 A.2d 534, 539 (Md. 1982)).

In Maryland, negligent misrepresentation claims require plaintiffs to allege a duty owed to them.  See Jacques v. First Nat'l Bank of Md., 515 A.2d 756, 758 (1986)).  "In the context of a dispute between an insurance carrier and its insured, the relationship between the parties does not warrant the imposition of tort duties."  Stephens v. Liberty Mut. Fire Ins. Co., 821 F.Supp. 1119, 1121 (D.Md. 1993).  Moreover, "[t]he mere negligent breach of a contract, absent a duty or obligation imposed by law independent of that arising out of the contract itself, is not enough to sustain an action sounding in tort."  Jacques, 515 A.2d at 759.

A duty under negligence, however, may arise when comparing "the nature of the harm likely to result from a failure to exercise due care, and the relationship between the parties."  Walpert, Smullian & Blumenthal, P.A. v. Katz, 762 A.2d 582, 588–89 (Md. 2000).  Where the nature of the risk involved is only one of economic loss, Maryland requires there be "an intimate nexus between the parties as a condition to imposition of tort liability."  Jacques, 515 A.2d at 759.  Contractual privity satisfies this intimate nexus requirement.  Walpert, 762 A.2d at 589 (quoting Jacques, 515 A.2d at 759–60).  Here, Plaintiffs allege they entered into an insurance contract with Travelers and Travelers misstated that the insurance policy would be canceled as of August 10, 2013.  Plaintiffs allege they relied on the statement because had they known the insurance coverage was canceled as February 13, 2013, they would have obtained insurance coverage elsewhere.  Further, Plaintiffs allege their reliance on the false statement caused them economic loss.  The Court concludes

Plaintiffs have alleged sufficient facts to support a negligent misrepresentation claim at this stage of the litigation.  Accordingly, the Court will deny the Motion to Dismiss Count II.

For the foregoing reasons, Travelers's Motion to Dismiss Count II (ECF No. 11) is DENIED. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly and amend the case caption to reflect Defendant as "The Automobile Insurance Company of Hartford Connecticut a/k/a Travelers."


Very truly yours,

/s/
_____
George L. Russell, III
United States District Judge

3